FILED

MAY - 8 2009

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

DAVID KISSI, :
:
    Plaintiff, :
v. : Civil Action No. 09 0861
:
PETER J. MESSITTE, *et al.*, :
:
    Defendants. :

### MEMORANDUM OPINION

This matter is before the Court on consideration of plaintiff's application to proceed *in forma pauperis* and *pro se* complaint. The Court will grant the application, and will dismiss the complaint.

It appears that plaintiff, his spouse, and his business have been parties to civil, criminal or bankruptcy proceedings in the United States District Court for the District of Maryland. Generally, plaintiff alleges that The Hon. Peter J. Messitte has abused his discretion by making rulings and issuing orders adverse to plaintiff's interests, and that Judge Messitte otherwise has acted in concert with the other named defendants to plaintiff's detriment. Plaintiff "pleads that he and his spouse should . . . be compensated by Judge Messitte personally for $100 million for his malicious abuse of discretion" in allowing others "to pursue and collect fraudulent judgments against [him]; for having [him] falsely jailed and nearly having [him] deported; and for deliberately causing [him] to lose his business." Compl. at 3. It does not appear that plaintiff states claims against or demands any relief from the other named defendants.

Judge Messitte enjoys absolute immunity from liability for damages for acts committed within his judicial jurisdiction. *See Mirales v. Waco*, 502 U.S. 9 (1991); *Forrester v. White*, 484

U.S. 219 (1988); *Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872). To the extent that plaintiff's claim goes to the fact of his confinement, he cannot recover damages in a civil rights action under 42 U.S.C. § 1983 without showing that his confinement has been invalidated by "revers[al] on direct appeal, expunge[ment] by executive order, declar[ation of invalidity] by a state tribunal authorized to make such determination, or . . . a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *accord White v. Bowie*, 194 F.3d 175 (D.C. Cir. 1999) (table). Plaintiff has not satisfied this prerequisite and therefore fails to state a claim under Section 1983.

Accordingly, the Court will dismiss this action with prejudice under 28 U.S.C. § 1915A(b) because the complaint seeks monetary relief from a defendant who is immune from such relief and fails to state a claim upon which relief can be granted. An Order consistent with this Memorandum is issued separately on this same date.

/s/ _____
United States District Judge

Date: April 29, 2009